Louis B. Heller, J.
Respondent Motor Vehicle Accident Indemnification Corporation, hereinafter referred to as MVAIC, moves to stay a demand for arbitration heretofore made by petitioner, an injured insured, under the terms of an automobile liability insurance policy indorsement which afforded uninsured motor vehicle coverage.
The particular ground urged by MVAIC is the petitioner’s failure to give timely notice of the accident from which his injuries arose. The occurrence took place on August 27, 1960. A further dispute exists pertaining to the date when petitioner gave written notice of claim. Petitioner contends that notice was given MVAIC on March 3, 1961. Respondent asserts that the notice of claim was filed with it “ on or about ” May 6,1961.
The pertinent provision of the indorsement herein involved conditions the coverage with the requirement that the injured party “ within 90 days or as soon as practicable * * * shall give to MVAIC written notice of claim ”.
A preliminary objection to MVAIC’s motion requires prior determination. Petitioner alleges that MVAIC has waived any objection it may have had pertaining to petitioner’s compliance by failing to move within 10 days after the demand for arbitration was served upon it (Civ. Prac. Act, § 1458, subd. 2). Prom the affidavit submitted by MVAIC it appears that the demand made by petitioner was served by mail. In the court’s view the conclusion of petitioner’s attorney that the demand “was served ” is insufficient to raise an issue regarding the method of service. The court finds that the petitioner has failed to show that the demand was personally served as specifically provided by statute (Civ. Prac. Act, § 1458, subd. 2) and holds that MVAIC has not waived its objection (Matter of Motor Vehicle Acc. Ind. Corp. [Coccaro], 226 N. Y. S. 2d 285).
The principal question raised herein concerns the petitioner’s compliance with the indorsement provision requiring notice ‘ ‘ as soon as practicable.” The pertinent facts lie peculiarly within the knowledge of the injured party. The court finds that a factual issue has been raised regarding petitioner’s compliance with the notice provision (Matter of Motor Vehicle Acc. Ind. Corp. [Datlof], N. Y. L. J., July 9, 1962, p. 6, col. 7) which can be resolved only by a hearing (Matter of Motor Vehicle Acc. Ind. Corp. [Brown], 15 A D 2d 578).
Arbitration will be stayed pending such determination. Settle order providing for a hearing by the court or by the court and jury, if demanded (see Civ. Prac. Act, § 1458, subd. 2).